NO. 12-01-00151-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KEVIN JOHNSTON,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION (1)

 Kevin Johnston ("Appellant") appeals his sentence for delivery of cocaine. Appellant raises
one issue on appeal. We affirm.


Background

 Appellant was indicted for intentionally and knowingly delivering, by actual transfer, more
than one gram, but less than four grams, of cocaine. Appellant pleaded guilty and the trial court
deferred adjudicating Appellant guilty and placed him on probation for a period of ten years. On
March 2, 2001, the State of Texas (the "State") filed an application to proceed to final adjudication,
alleging that Appellant had violated certain terms and conditions of his probation. Appellant pleaded
"not true" to the State's allegations and an evidentiary hearing was conducted. At the conclusion
of the hearing, the trial judge found the allegations in the State's application to be true, revoked
Appellant's probation and adjudicated Appellant guilty as charged. Following a sentencing hearing, 
the trial judge sentenced Appellant to imprisonment for sixteen years and fined Appellant five
thousand dollars.


Cruel and Unusual Punishment

 In his sole issue, Appellant contends that the sentence imposed by the trial court constituted
cruel and unusual punishment under both the Texas and United States Constitutions. (2) Initially, we
note that Appellant made no objection to the trial court raising the issue of cruel and unusual
punishment and has, therefore, waived such an issue with respect to any alleged violation of his
rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence
did not constitute cruel and unusual punishment.

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd.); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty
to delivery of between one and four grams of cocaine, a second degree felony. See Tex. Health &
Safety Code Ann. §§ 481.112(c); 481.102(3)(d) (Vernon Supp. 2002). The punishment range for
such an offense is between two and twenty years. See Tex. Pen. Code § 12.33(a) (Vernon 1994). 
Here, the punishment assessed by the trial court falls well within the range set forth by the
legislature. Id. Therefore, the punishment is not prohibited as cruel, unusual or excessive per se.

 Nonetheless, Appellant urges the Court to perform the three-part test set out in Solem v.
Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011. (3) The application of the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals, in light of the Supreme Court's decision in Harmelin, to require a
threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.-Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (4) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. Considering Appellant's
sentence in light of the holding in Rummel, the distinction between the two cases is clear. The
offenses committed by Appellant - two aggravated robbery convictions and burglary of a building -
were more severe than those committed by the appellant in Rummel, while Appellant's fifty-year
sentence is less severe than the life sentence upheld by the Supreme Court. Thus, it follows that if
the sentence in Rummel was not unconstitutionally disproportionate, then neither is the sentence
assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to
be satisfied, we need not apply the remaining elements of the Solem test. 

 But even assuming that the Solem test is still viable, or that the threshold test was satisfied,
the remaining elements of Solem cannot be satisfied. There is no evidence in the appellate record
reflecting the sentences imposed on criminals in Texas or other jurisdictions who committed a
similar offense; therefore, we may not engage in a comparative evaluation. See Simmons, 944
S.W.2d at 15. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered June 28, 2002.

Panel consisted of Worthen, J., and Griffith, J.
























(DO NOT PUBLISH) 
1. See Tex. R. App. P. 47.1.
2. Although a trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and
is not reviewable, after an adjudication of guilt, all proceedings, including assessment of punishment ... and
defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Code. Crim. Proc. Ann. 
art. 42.12 § 5(b) (Vernon Supp. 2002). Thus, we may review an issue concerning Appellant's sentence.
3. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.-Dallas 1994, pet. ref'd.)).
4. Incidentally, the Fifth Circuit has referred to Rummel as a "handy guide" to assist in conducting a
proportionality review. See McGruder, 954 F.2d at 317.