**Deborah Jean LACKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01786–CR.**

Court of Appeals of Texas,
Dallas.

June 21, 1994.

Discretionary Review Refused Nov. 9, 1994.

Robert F. Joyner and Lawrence B. Mitchell, Dallas, for appellant.

Kimberly Schaefer, Dallas, for appellee.

Before LAGARDE, BURNETT and MALONEY, JJ.

## OPINION

LAGARDE, Justice.

Deborah Jean Lackey appeals her conviction for theft of property valued at $750 or less while having been previously convicted two or more times of theft. Punishment, enhanced by earlier convictions for burglary of a motor vehicle and robbery, was assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for thirty-five years. In one point of error, appellant argues that the sentence is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution. We affirm.

Appellant was caught shoplifting clothing with a fair market value of $145. Absent any other criminal record, the offense would have been a class B misdemeanor, TEX.PENAL CODE ANN. § 31.03(e)(2)(A) (Vernon Supp. 1994), punishable by a fine not to exceed $1500, by confinement in jail for a term not to exceed 180 days, or both. TEX.PENAL CODE ANN. § 12.22 (Vernon Supp.1994).

However, the indictment also alleged that appellant had been previously convicted of theft offenses on July 30, 1990 (F89–74558–KM), January 5, 1988 (F87–89681–LS), August 21, 1986 (86–46694–F), and December 6, 1984 (F84–93338–VR).[1] When the value of the stolen property is less than $750 and the indictment alleges that the defendant has been previously convicted of two or more thefts of any grade, the theft is a third degree felony. TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp.1994). A third degree felony is punishable by a fine not to exceed $10,000 and by confinement in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than ten years or less than two years or by confinement in a community correctional facility for any term of not more than one year. TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1994). Additionally, the indictment alleged that appellant had been previously convicted of burglary of a motor vehicle on August 26, 1977 (F77–5392–JK) and robbery on September 13, 1971 (C69–5379–I).

When a defendant has other non-theft felony convictions, the defendant may be punished as a habitual felony offender. *Foster v. State*, 603 S.W.2d 879, 880–81 (Tex. Crim.App. [Panel Op.] 1980) (burglary and possession of heroin); *see Chambers v. State*, 736 S.W.2d 192, 196 (Tex.App.—Dallas 1987, no pet.). Appellant does not dispute that her convictions for burglary of a motor vehicle and robbery are nontheft convictions. *See Gant v. State*, 606 S.W.2d 867, 869 (Tex. Crim.App. [Panel Op.] 1980) (two prior misdemeanor thefts and robbery); *Chambers*, 736 S.W.2d at 196 (burglary not theft).[2] A felony conviction enhanced by two prior felony convictions raises the range of punishment to confinement for life or for any term of not more than ninety-nine years or less than twenty-five years. TEX.PENAL CODE

---

1. In addition to these four theft convictions, the statement of facts contains evidence of five other theft convictions occurring on December 18, 1989 (0383596D), December 29, 1982 (F82–86621–JM), December 29, 1982 (F–81–32971–KTM), June 25, 1982 (F81–31239–KM), and September 10, 1971 (C71–5896–IK). In their briefs, both appellant and the State refer to another theft conviction identified as cause number F77–5393–JK.

2. This Court, in *Chambers*, assumed, but did not decide, for purposes of the opinion that aggravated robbery could be construed as theft, *Chambers*, 736 S.W.2d at 194; however, the Court noted in a footnote that the Texas Court of Criminal Appeals had indicated that robbery was not a theft offense. *Chambers*, 736 S.W.2d at 194 n. 2.

ANN. § 12.42(d) (Vernon Supp.1994). Therefore, the range of appellant's punishment was confinement for life, or for any term of not more than ninety-nine years or less than twenty-five years. The trial court assessed punishment at confinement for thirty-five years. Appellant does not attack the sufficiency of the evidence.

■ In one point of error, appellant argues that confinement for thirty-five years for shoplifting clothing valued at $145 is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Appellant argues that the multiple enhancement provisions have rendered her sentence unconstitutional because a thirty-five year sentence is cruel and unusual punishment for theft of property valued at $145. Even with her criminal history, appellant maintains that her sentence is disproportionate. We disagree.

When the sentence is within the punishment range, as in this case, the State argues that it is not within the province of an appellate court to pass upon its propriety. *Gonzales v. State,* 386 S.W.2d 139, 140 (Tex.Crim. App.1965). The State further argues that a punishment within the statutory range is not cruel or unusual. *McNew v. State,* 608 S.W.2d 166, 174 (Tex.Crim.App. [Panel Op.] 1978). This Court has held that a sentence within the range authorized by statute is not cruel or unusual and is not excessive. *Johnson v. State,* 864 S.W.2d 708, 725 (Tex.App.— Dallas 1993, pet. granted) (en banc).

■ The Eighth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, requires a criminal sentence to be proportionate to the crime committed. *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983); *but see Harmelin v. Michigan,* 501 U.S. 957, 991–93, 111 S.Ct. 2680, 2700, 115 L.Ed.2d 836 (1991) (Scalia, J., plurality op.). The United States Supreme Court wrote that "no penalty is *per se* constitutional." *Solem,* 463 U.S. at 290, 103 S.Ct. at 3009. *Solem* identified a three-part analysis: (1) courts "look to the gravity of the offense and the harshness of the penalty;" *Solem,* 463 U.S. at 290–91, 103 S.Ct. at 3010; (2) "it may be helpful to compare the sen-

tences imposed on other criminals in the same jurisdiction;" *Solem,* 463 U.S. at 291, 103 S.Ct. at 3010; and (3) "courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions;" *Solem,* 463 U.S. at 291–92, 103 S.Ct. at 3010.

More recently, the Supreme Court has re-examined its analysis in *Solem. Harmelin,* 501 U.S. at 960–997, 111 S.Ct. at 2684–2702 (Scalia, J., plurality op.) & 995–1010, 111 S.Ct. at 2702–09 (Kennedy, J., plurality op.). Justice Scalia, who was joined by the Chief Justice, wrote, "*Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee." *Harmelin,* 501 U.S. at 965, 111 S.Ct. at 2686 (Scalia, J., plurality op.). Justice Kennedy, joined by two other justices, recognized a narrow proportionality principle and clarified *Solem's* three-factor analysis. *Harmelin,* 501 U.S. at 995–1010, 111 S.Ct. at 2702–09 (Kennedy, J., plurality op.). Based upon Justice Scalia's and Justice Kennedy's opinions, a majority of the Supreme Court voted to affirm the judgment sentencing the defendant to life in prison without possibility of parole for committing the offense of possessing 672 grams of cocaine. *Harmelin,* 501 U.S. at 995–97, 111 S.Ct. at 2702. *Harmelin* did not involve a recidivist statute. *See Harmelin,* 501 U.S. at 993–95, 111 S.Ct. at 2701 (defendant had no prior felony convictions).

■ Interpreting *Harmelin,* the Fifth Circuit Court of Appeals wrote succinctly:

By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guaranty against disproportional sentences. Only four justices, however, supported the continued application of all three factors in *Solem,* and five justices rejected it. Thus, this much is clear: disproportionality survives; *Solem* does not. Only Justice Kennedy's opinion reflects that view. It is to his opinion, therefore, that we turn for direction. Accordingly, we will initially make a threshold comparison of the gravity of [the defendant's] offenses against the severity of his sentence. Only if we infer that the sentence is gross-

ly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* ——— U.S. ———, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); *see Harmelin,* 501 U.S. at 1004–06, 111 S.Ct. at 2707 (gross disproportionality) (Kennedy, J., plurality op.). We agree with the Fifth Circuit: disproportionality survives. This Court will review a sentence to determine whether it is grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1004–06, 111 S.Ct. at 2707 (Kennedy, J., plurality op.). As will be discussed below, we hold that appellant's sentence is not grossly disproportionate to her crime; accordingly, we do not decide what role, if any, the remaining factors play on her disproportionality point of error.

■ Admittedly, appellant's conduct in stealing property valued at $750 or less, standing alone, could have been a class B misdemeanor punishable by a fine not to exceed $1500, by confinement in jail for a term not to exceed 180 days, or both. TEX.PENAL CODE ANN. §§ 12.22; 31.-03(e)(2)(A). However, appellant's offense was not based upon this conduct alone. Appellant's present conduct, when coupled with earlier conduct (two or more prior thefts resulting in convictions), constitutes a third degree felony. TEX.PENAL CODE ANN. § 31.-03(e)(4)(E). The two or more prior theft convictions are elements of appellant's offense, not enhancements. *Gant,* 606 S.W.2d at 869 n. 2, 871, & 871 n. 9; *Carter v. State,* 804 S.W.2d 326, 327 (Tex.App.—Waco 1991, no pet.). The very intent in creating this upgraded theft offense was to punish a third theft offense, though "petty," as a felony. *See Gant,* 606 S.W.2d at 871. Appellant defines too restrictively the conduct that constitutes her offense and attempts to identify her crime in terms of a lesser-included offense. The State indicted and convicted appellant of a third degree felony. As a third degree felony, appellant's range of punishment was a fine not to exceed $10,000 and confinement in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than ten years or less than two years or confinement in a community correctional facility for any term of not more than one year. TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1994).

■ Appellant's sentence—in addition to being based upon her having committed a third degree felony—was based upon the habitual criminal provisions of section 12.42(d) of the Texas Penal Code. Under a recidivist statute, a sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Rummel v. Estelle,* 445 U.S. 263, 284, 100 S.Ct. 1133, 1144, 63 L.Ed.2d 382 (1980); *McGruder,* 954 F.2d at 316. A state with a recidivist statute is not required to treat a defendant as if an offense was his first but is entitled to place upon the defendant "the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State." *Rummel,* 445 U.S. at 284, 100 S.Ct. at 1144. "[The] primary goals [of a recidivist statute] are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *Rummel,* 445 U.S. at 284, 100 S.Ct. at 1144–45. "[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Rummel,* 445 U.S. at 285, 100 S.Ct. at 1145.

Appellant relies upon *Solem* for the proposition that her thirty-five year sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment; in *Solem* the United States Supreme Court held that a judgment, enhanced by a recidivist statute, sentencing a defendant to life imprisonment without parole for the crime of uttering a no-account check for $100 violated the Eighth Amendment. *Solem,* 463 U.S. at 281–84, 103 S.Ct. at 3005. We hold that *Solem* is distinguishable. Appellant was not

sentenced to life imprisonment, and there is the possibility of parole. *See Smallwood v. State,* 827 S.W.2d 34, 37–38 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

In her brief, appellant, by her own calculations, admits that she may be eligible for parole in thirty-five months. In *Rummel,* the defendant, who had been sentenced to life imprisonment pursuant to a recidivist statute for the offense of obtaining $120.75 by false pretenses, could have potentially become eligible for parole after twelve years. *Rummel,* 445 U.S. at 280, 100 S.Ct. at 1142. The Supreme Court held that the defendant's sentence did not constitute cruel and unusual punishment. *Rummel,* 445 U.S. at 265–66, 100 S.Ct. at 1134–35. The Supreme Court in *Solem* wrote that it relied heavily upon the parole factor in *Rummel* and that the absence of the possibility of parole in *Solem* rendered the defendant's life sentence far more severe. *Solem,* 463 U.S. at 297, 103 S.Ct. at 3013. *Solem* itself emphasized the significance of parole; accordingly, appellant's reliance upon *Solem* is misplaced.

Appellant also relies upon the dissenting opinion in *Smallwood. Smallwood,* 827 S.W.2d at 38 (O'Connor, J., dissenting). Although written after *Harmelin* and *Rummel* were decided, the dissenting opinion in *Smallwood* ignores both. The majority in *Smallwood* was not persuaded by the arguments in the dissenting opinion. Neither are we.

Appellant's extensive criminal record demonstrates a pronounced and prolonged inability to bring her conduct within the social norms prescribed by the criminal laws of the State of Texas. *See Rummel,* 445 U.S. at 284, 100 S.Ct. at 1144. Segregating a repeat offender from the society he or she victimizes is a permissible goal of a recidivist statute. *See Rummel,* 445 U.S. at 284, 100 S.Ct. at 1144. The onus of a recidivist punishment is placed upon those persons who have demonstrated the necessary propensities. *See Rummel,* 445 U.S. at 284–85, 100 S.Ct. at 1144–45. Appellant has demonstrated the necessary propensities. Appellant's prior convictions and punishments have not deterred her from committing yet another offense. We hold that her sentence is not

grossly disproportionate to her crime and that her punishment is not cruel and unusual. *See Rummel,* 445 U.S. at 265–66, 100 S.Ct. at 1134–35 (under recidivist statute, defendant was sentenced to life for offense of obtaining $120.75 by false pretenses; sentence did not constitute cruel and unusual punishment); *Cantu v. State,* 866 S.W.2d 647 *passim* (Tex. App.—Houston [14th Dist.] 1993, no pet.).

We overrule appellant's point of error and affirm the trial court's judgment.