Judgment affirmed and Opinion filed May 25, 1995



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-94-00590-CR
_____

TIMOTHY DALE SINGLETON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 646193

## OPINION

Appellant, Timothy Dale Singleton, appeals from his conviction for possession of a controlled substance. Appellant entered a plea of not guilty, but was found guilty by a jury. Appellant pled true to two enhancement paragraphs and the trial court assessed punishment at 35-years confinement in prison.

In two points of error, appellant argues the punishment assessed by the trial court was cruel and unusual, in violation of the U.S. and Texas constitutions and the Code of Criminal Procedure. We affirm.

**Summary of facts**

Appellant specifically does not challenge the sufficiency of the evidence to support his conviction for possession of a controlled substance, namely cocaine, in an amount weighing less than 28 grams. Two Harris County sheriff's deputies testified they saw appellant holding what appeared to be a "crack pipe." After appellant fell down in an attempt to evade arrest, a "crack pipe" was found on the ground near appellant. Appellant was arrested for evading detention and for possession of narcotics paraphernalia. A small plastic container was found on appellant when he was searched pursuant to his arrest. Subsequent analysis of the "crack pipe" and container indicated the two items contained a total of 59.33 milligrams of cocaine. Following his conviction and sentencing, appellant filed written notice of appeal.

**Cruel and unusual punishment**

In his two points of error, appellant contends he received a cruel and unusual punishment when the trial court sentenced him to 35-years confinement for possession of less than 28 grams of cocaine. Appellant claims the imposition of such a punishment is in violation of the eighth amendment,[1] the Texas Constitution,[2] and Tex. Code Crim. P. Ann. art. 1.09 (Vernon 1977). Appellant relies in part on the fact that possession of less than one gram of cocaine is currently classified as a state jail felony,[3] although at the time he was convicted it was classified as a second degree felony.[4]

The Penal Code provides for enhancement of the punishment range for a

---

[1]   U.S. Const. amend. VIII.

[2]   Tex. Const. art. I, § 13.

[3]   Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(b) (Vernon 1994).

[4]   Act of May 16, 1989, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws 2230, 2936, *amended by* Act of May 29, 1994, 73rd Leg., R.S., ch. 900, sec. 2.02, § 481.115, 1993 Tex. Gen. Laws 3586, 3706.

defendant convicted of a felony offense who has two prior final felony convictions to a term of not less than 25 and not more than 99 years. TEX. PENAL CODE ANN. § 12.42(d) (Vernon 1994). Appellant concedes the punishment assessed was within the statutory range of punishment for a felony enhanced by two prior felony convictions.

The enhancement of punishment assessed against a defendant under a recidivist statute such as section 12.42(d) of the Penal Code does not render the punishment cruel and unusual. *Rummel v. Estelle*, 445 U.S. 263, 284-85, 100 S.Ct. 1133, 1144-45 (1980); *Lackey v. State*, 881 S.W.2d 418, 421-22 (Tex. App.--Dallas 1994, pet. ref'd).

Appellant contends that an analysis of his sentence under the factors set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001 (1983), supports the conclusion that his sentence was disproportionate to the offense committed and was therefore cruel and unusual. *Solem* supports the proposition that a sentence may be constitutionally defective when it is not proportionate to the offense committed. Although appellant has correctly stated the holding of *Solem*, it is distinguishable on its facts from appellant's case. In *Solem*, the defendant was sentenced to life imprisonment without possibility of parole, after enhancement for prior convictions, for writing a "no account" check. 463 U.S. at 279-81, 103 S.Ct. at 3004-05. Appellant was sentenced by the trial court to 35-years confinement with the possibility of parole, after enhancement for two prior convictions, for possession of approximately 60 milligrams of cocaine.

Although appellant provides the revised sentencing guidelines of the Penal Code for comparison purposes, we do not believe the guidelines were revised to be dispositive of the issue. In addition, appellant presents no authority to support the contention that the trial court has the discretion to apply or look for guidance to sentencing guidelines under a revision of the Penal Code that did not become effective until September 1, 1994, three months after his conviction.

Based on this record, we conclude appellant's punishment was not cruel and unusual, and we overrule appellant's points of error.

Finding no reversible error, we affirm the judgment of the trial court.

/s/ Davie L. Wilson
Davie L. Wilson
Justice

Justices Cohen and Andell also sitting.

Do not publish. TEX. R. APP. P. 90.

Judgment rendered and opinion delivered  **MAY 2 5 1995**
True Copy Attest:

*Margie Thompson*

Margie Thompson
Clerk of Court

-4-