NO. 12-01-00368-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CHRISTOPHER ROBERTS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION (1)


 Christopher Roberts ("Appellant") appeals his sentence for aggravated robbery. Appellant
raises one issue on appeal. We affirm.


Background

 Appellant was indicted for intentionally and knowingly threatening Zachery Kyer with
imminent bodily injury or death during the course of theft of property and with intent to obtain and
maintain control of said property. The indictment also charged that Appellant used or exhibited a
deadly weapon, to wit: a firearm. Appellant pleaded guilty and was sentenced by the trial judge to
imprisonment for twenty years and fined ten thousand dollars. However, pursuant to the trial court's
unique rules surrounding its acceptance of guilty pleas, Appellant was permitted to withdraw his
guilty plea and proceed to trial by jury. Appellant again pleaded guilty and requested that the jury
assess his punishment. Ultimately, Appellant was found guilty, sentenced by the jury to
imprisonment for thirty years and fined two thousand dollars.

Cruel and Unusual Punishment

 In his sole issue, Appellant contends that the sentence imposed by the trial court constituted
cruel and unusual punishment under both the Texas and United States Constitutions. Initially, we
note that Appellant made no objection to the trial court raising the issue of cruel and unusual
punishment and has, therefore, waived such an issue with respect to any alleged violation of his
rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence
did not constitute cruel and unusual punishment.

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.- Texarkana 1995, pet. ref'd); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.- Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, the jury found Appellant
guilty of aggravated robbery, a first degree felony. See Tex. Pen. Code Ann. § 29.03 (Vernon
1994). The punishment range for such an offense is between five and ninety-nine years, or life, and
can include a fine not to exceed ten thousand dollars. See Tex. Pen. Code Ann. § 12.32 (Vernon
1994). Here, the punishment assessed by the trial court falls well within the range set forth by the
legislature. Id. Therefore, the punishment is not prohibited as cruel, unusual or excessive per se.

 Nonetheless, Appellant urges the Court to perform the three-part test set out in Solem v.
Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011. (2) The application of the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals, in light of the Supreme Court's decision in Harmelin, to require a
threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.- Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (3) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. Considering Appellant's
sentence in light of the holding in Rummel, the distinction between the two cases is clear. The
offense committed by Appellant, aggravated robbery, was more severe than the offense committed
by the appellant in Rummel, while Appellant's thirty-year sentence is less severe than the life
sentence upheld by the Supreme Court. Thus, it follows that if the sentence in Rummel was not
unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the
case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply
the remaining elements of the Solem test. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed. 


Opinion delivered July 17, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.

DO NOT PUBLISH
1. See Tex. R. App. P. 47.1.
2. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421 


Footnote continued.


(Tex. App.- Dallas 1994, pet. ref'd)).
3. Incidentally, the Fifth Circuit has referred to Rummel as a "handy guide" to assist in conducting a
proportionality review. See McGruder, 954 F.2d at 317.