

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00232-CR
07-13-00233-CR

STEVE HERBERT SPECKMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court Nos. 0861282D, 0569309D, Honorable David Scott Wisch, Presiding

May 23, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Steve Herbert Speckman, appeals the trial court's judgments of conviction for the offenses of aggravated assault causing serious bodily injury and of aggravated sexual assault of a child.[1] The trial court imposed sentences of ten years' and thirty years' incarceration, respectively. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011), § 22.021(a)(2)(B) (West Supp. 2013). Appellant filed separate notices of appeal from each judgment of conviction. Appellate cause number 07-13-00232-CR represents appellant's appeal from trial court cause number 0861282D, and appellate

Factual and Procedural History

In 1994, appellant was charged with aggravated assault causing serious bodily injury in trial court cause number 0569309D. In November 1995, he pleaded guilty to those charges pursuant to a plea bargain and was sentenced to ten years' probation. In 2001, while he was still on probation, appellant was charged in trial court cause number 0861282D with aggravated sexual assault of a child under the age of fourteen. In July 2004, appellant pleaded guilty to that offense and was placed on deferred adjudication community supervision for ten years. In connection with the charges lodged against appellant in cause number 0861282D, the State filed a motion to revoke appellant's earlier probation in cause number 0569309D. The State's efforts resulted in the amendment of the terms of probation in the earlier case to include a thirty-day sentence in the Tarrant County Jail.

In January 2005, the State moved to revoke appellant's probation in cause number 0569309D, alleging that appellant committed the offense charged in 0861282D; failed to report to his probation officer in October, November, and December 2004; and failed to pay supervision fees in October, November, and December 2004. At that same time, the State filed its petition to proceed to adjudication in cause number 0861282D, alleging that appellant failed to report to his community supervision officer in October, November, and December 2004; failed to notify his community supervision officer of a change of address as was required of him; and failed to register as a sex offender as was also required.

_____

cause number 07-13-00233-CR represents appellant's appeal from trial court cause number 0569309D. Both appellant and the State have briefed the two causes together. We recognize that the issue appellant presents on appeal seems to focus primarily, if not exclusively, on the sentence imposed in trial court cause number 0861282D.

A hearing on the State's motion in cause number 0569309D and its petition in 0861282D would have to wait several years, however, until May 2013, because appellant had fled the United States to Mexico. Appellant explained that, shortly after having pleaded guilty to the later charges of aggravated sexual assault of a child, he began regretting his decision to do so. He maintained his innocence of those charges and characterized the moment he decided to plead guilty to them as a moment when he temporarily "lost focus." After he unsuccessfully attempted to withdraw his guilty plea and when the restrictive conditions of community supervision led to the failure of his computer business, appellant simply "got in [his] car and drove to Mexico," where he lived for eight years and operated a dive shop, a tour company, and two real estate businesses in various tourist destinations.

It was only in 2013, when he learned his daughter dropped out of high school, that appellant decided to return to the United States. He maintained that he needed to help guide and support her and that he also wanted to "come address this," meaning he wanted to try to resolve his pending criminal matters. He went to the U.S. Consulate in Mexico and turned himself in. His designs were to clear his name of the aggravated sexual assault charges once and for all.

At the hearing on the State's motion and petition, appellant entered pleas of "true" to the allegations in each instrument. Appellant described his life in Mexico as successful and free from any legal troubles and admitted that he did make a mistake with respect to the 1994 charges of aggravated assault. He maintained that he really had done nothing else wrong since that time and, in that vein, vehemently denied the charges of aggravated sexual assault. The trial court granted the State's motion in

3

cause number 0569309D, sentenced appellant to ten years' incarceration in that cause, granted the State's petition in cause number 0861282D, and sentenced appellant to thirty years' imprisonment in that cause, the sentences to run concurrently.

On appeal, appellant maintains that the thirty-year sentence imposed by the trial court in cause number 0861282D is so grossly disproportionate to appellant's conduct that such sentence rises to the level of cruel and unusual punishment. He maintains that a thirty-year sentence "for what amount to technical violations in the case" when weighed against appellant's "redeeming virtues" is grossly disproportionate and runs afoul of the Eighth Amendment's protection against cruel and unusual punishment. *See* U.S. CONST. amend. VIII.

## Analysis

Initially, we observe that appellant's framing of the issue presented on appeal is somewhat askew in that it maintains that the punishment imposed for the "technical violations" of the terms of appellant's community supervision was grossly disproportionate. Appellant was not sentenced to thirty years' imprisonment as punishment for his community supervision violations—technical or otherwise; he was so sentenced as punishment for the offense of aggravated sexual assault of a child as charged in cause number 0861282D, a first-degree felony, and allegations to which he pleaded guilty in 2004 in exchange for community supervision.

Secondly and having clarified or refocused the issue presented on appeal, we observe that it appears that appellant has not preserved his disproportionate-sentence issue for our review. To preserve for appellate review a complaint that a sentence is

4

grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc). Here, appellant lodged no legally-based objection to the sentence in the trial court and, therefore, failed to preserve any error in the sentence. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (en banc) (holding defendant failed to preserve cruel and unusual punishment claim when he urged no objection in trial court); *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd) (same).

We do pause to note that appellant, speaking on his own behalf in a direct exchange with the trial court after sentence was pronounced, did ask the trial court, "That's a little harsh, isn't it?" Resolute in its decision on punishment, the trial court responded that it was not "harsh at all." To the extent, which we consider only slight, that appellant's rather vague, informal question to the trial court regarding the harshness of the sentence could be said to have raised this issue sufficiently in the trial court to have preserved error, we conclude that appellant has wholly failed to establish that the thirty-year sentence imposed in cause number 0861282D was so disproportionate that it rises to cruel and unusual punishment.

Aggravated sexual assault of a child, the underlying offense in cause number 0861282D, is a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(e). That being so, the offense is punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. *See id.* § 12.32 (West 2011). Certainly, the thirty-year sentence imposed in cause number

0861282D was within the applicable range of punishment for a first-degree felony offense, and Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See, e.g.*, *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968).

Nonetheless, a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution, separate and apart from any consideration of whether the punishment imposed lies within the legislatively prescribed range of punishment. *See* U.S. CONST. amend. VIII; *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983); *Harmelin v. Michigan*, 501 U.S. 957, 985, 989–90, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (plurality op.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd). In light of the *Harmelin* Court's treatment of the test enunciated in *Solem*, it seems the test we apply in this context calls on us to make an initial, threshold comparison of the gravity of the offense with the severity of the sentence. *See Harmelin*, 463 U.S. at 1004–05 (Kennedy, J., concurring); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). Then, and only if our initial comparison creates an inference that the sentence was grossly disproportionate to the offense, do we consider the other two *Solem* factors: (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *See McGruder*, 954 F.2d at 316; *Lackey*, 881 S.W.2d at 420–21.

Appellant points to nothing in the record, here, that would raise the inference that the thirty-year sentence imposed was a grossly disproportionate punishment for the

first-degree felony offense of aggravated sexual assault of a child. Finding no inference of gross disproportionality, we need not and do not reach the considerations regarding sentences for similar crimes in the same jurisdiction and in other jurisdictions; at any rate, appellant has provided us nothing to consider in those regards. *See McGruder*, 954 F.2d at 316.

To the extent appellant may have preserved the issue for our review, he has failed to show that his sentence was constitutionally disproportionate to the offense for which he was convicted. We overrule his sole point of error.

## Conclusion

Having overruled appellant's sole point of error, we affirm the trial court's judgments of conviction. *See* TEX. R. APP. P. 43.2(a).


Mackey K. Hancock
Justice

Do not publish.

7