In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00128-CR


______________________________




M. J. BEARDEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 179th Judicial District Court


Harris County, Texas


Trial Court No. 880895




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 M. J. Bearden, appellant, has filed a motion asking this court to dismiss her appeal. Pursuant
to Tex. R. App. P. 42.2, her motion is granted.

 The appeal is dismissed.




 Ben Z. Grant

 Justice


Date Submitted: September 17, 2002

Date Decided: September 18, 2002


Do Not Publish



" Priority="9" QFormat="true" Name="heading 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00239-CR

                                                ______________________________

 

 

                                     ROSS MCMORRIS,
III, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 3rd Judicial District Court

                                                          Anderson
County, Texas

                                                            Trial
Court No. 29030

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Ross
McMorris, III, has appealed from his jury convictions of possession of cocaine
with intent to deliver (a first degree felony) and possession of marihuana (a
state jail felony).  The jury assessed
punishment at twenty-five years and two years incarceration, respectively.[1]

            On appeal,
McMorris contends that his sentences are disproportionate to the crimes,
citing, among other cases, Harmelin v. Michigan,
501 U.S. 957 (1991), Solem v. Helm,
463 U.S. 277 (1983), and Davis v. State,
905 S.W.2d 655, 664 (Tex. App.Texarkana 1995, pet. refd).  To preserve such a complaint for appellate
review, McMorris must have presented to the trial court a timely request,
objection, or motion that stated the specific grounds for the desired ruling,
or the complaint must be apparent from the context.  See
Tex. R. App. P. 33.1(a)(1); Harrison v. State, 187 S.W.3d 429, 433
(Tex. Crim. App. 2005); Williams v. State,
191 S.W.3d 242, 262 (Tex. App.Austin 2006, no pet.) (claims of cruel and
unusual punishment must be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.Houston [14th
Dist.] 2001, pet. refd) (failure to complain to trial court that sentences
were cruel and unusual waived claim or error for appellate review).  We have reviewed the records of the trial
proceeding.  No relevant request,
objection, or motion was made.  And,
while this Court has held that a motion for new trial is an appropriate way to
preserve this type of claim for review (see
Williamson v. State, 175 S.W.3d 522, 52324 (Tex. App.Texarkana 2005, no
pet.), and Delacruz v. State, 167
S.W.3d 904 (Tex. App.Texarkana 2005, no pet.)), no motion for new trial was
filed.  McMorris has not preserved such
an issue for appeal.

            However,
even absent waiver,[2] we conclude
that McMorris sentence was not grossly disproportionate.  Texas courts have traditionally held that as
long as the punishment assessed is within the range prescribed by the
Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual.  See, e.g., Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
Here, McMorris sentences fall within the applicable ranges of
imprisonment . . . for life or for any term of not more than 99 years or less
than 5 years for a first degree felony and not more than two years or less
than 180 days for a state jail felony.  See Tex.
Penal Code Ann. §§ 12.32, 12.35 (Vernon Supp. 2010).

            Even when a
sentence is within the proper punishment range, a prohibition against grossly
disproportionate punishment survives under the Eighth Amendment to the United
States Constitution.  U.S. Const. amend. VIII; see Solem v. Helm, 463 U.S. 277, 290
(1983); Harmelin, 501 U.S. 957; Jackson v. State, 989 S.W.2d 842, 846
(Tex. App.Texarkana 1999, no pet.); Lackey
v. State, 881 S.W.2d 418, 42021 (Tex. App.Dallas 1994, pet. refd); see also Ex parte Chavez, 213 S.W.3d
320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a very
limited, exceedingly rare, and somewhat amorphous review).

            Solem had suggested, as a three-part
test, that an appellate court consider: 
(1) the gravity of the offense compared with the harshness of the
penalty; (2) the sentences imposed for similar crimes in the same jurisdiction;
and (3) the sentences imposed for commission of the same crime in other
jurisdictions.  See Solem, 463 U.S. at 292.  Harmelin at least raised questions about
the viability of the Solem three-part
test.  In fact, it was subsequently held
that proportionality survived Harmelin,
but that the Solem three-part test
did not.  See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Lackey, 881 S.W.2d at 42021.  In light of Harmelin, the test has been reformulated as an initial threshold
comparison of the gravity of the offense with the severity of the sentence; and
then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the
other two Solem factorssentences for
similar crimes in the same jurisdiction and sentences for the same crime in
other jurisdictions.  McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.Texarkana 2006, no pet.); Lackey,
881 S.W.2d at 42021.

            We
do not believe the sentence was grossly disproportionate to the gravity of the
offense, but even if it was, there is no evidence in the record from which we could
compare McMorris sentence to the sentences imposed on other persons in Texas
or on persons in other jurisdictions who committed a similar offense.  See
Latham v. State, 20 S.W.3d 63, 69 (Tex. App.Texarkana 2000, pet. refd); Davis, 905 S.W.2d at 66465.  Without such evidence, the record before us
does not support McMorris claim of demonstrable error.  Cf.
Jackson, 989 S.W.2d at 846 (there is no evidence in the record reflecting
sentences imposed for similar offenses on criminals in Texas or other jurisdictions
by which to make a comparison).

 

            There being
no other issues before us, we affirm the trial courts judgment.

 

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          September
14, 2010    

Date Decided:             September
15, 2010

 

Do Not Publish           

 

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.





[2]See Faizon v. State, No. 12-05-00353-CR,
2006 WL 1918482, at *3 (Tex. App.Tyler July 12, 2006, no pet.) (mem. op., not
designated for publication).