NO. 12-01-00241-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


ROY LEE ROBERTSON,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Roy Lee Robertson ("Appellant") appeals his seven-year sentence for driving while
intoxicated, which was imposed following the revocation of his probation. Appellant raises one
issue on appeal. We affirm.


Background

 Appellant was charged with driving while intoxicated (1) and pleaded "guilty." The trial court
adjudicated Appellant guilty and sentenced him to imprisonment for ten years, but probated
Appellant's sentence for a period of ten years. 

 On February 16, 2000, the State of Texas (the "State") filed an application to proceed to final
adjudication, alleging that Appellant had violated certain terms and conditions of his probation. 
Although Appellant admitted to violating his probation as alleged, the trial court declined to revoke
Appellant's probation at that time. 

 Subsequently, on June 7, 2000, the State filed another motion to revoke Appellant's
probation. Appellant pleaded "true" to the single violation alleged in the State's application and an
evidentiary hearing was conducted. Following the hearing, the trial court found the violation alleged
by the State to be "true," revoked Appellant's probation, sentenced Appellant to imprisonment for
seven years and fined Appellant five thousand dollars.


Cruel and Unusual Punishment

 In his sole issue, Appellant contends that the sentence imposed by the trial court constituted
cruel and unusual punishment under both the Texas and United States Constitutions. (2) Initially, we
note that Appellant made no objection to the trial court raising the issue of cruel and unusual
punishment and has, therefore, waived such an issue with respect to any alleged violation of his
rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence
did not constitute cruel and unusual punishment.

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.- Texarkana 1995, pet. ref'd); see also Simmons v. State,
944 S.W.2d at 15. Courts have repeatedly held that punishment which falls within the limits
prescribed by a valid statute is not excessive, cruel, or unusual. See Harris v. State, 656 S.W.2d 481,
486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty to driving while intoxicated, a third
degree felony. See Tex. Pen. Code § 49.04; Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 2003). 
The punishment range for such an offense is between two and ten years. See Tex. Pen. Code Ann.
§ 12.34(a) (Vernon 1994). Here, the punishment assessed by the trial court falls well within the
range set forth by the legislature. Id. Therefore, the punishment is not prohibited as cruel, unusual
or excessive per se.

 Nonetheless, Appellant urges the Court to perform the three-part test set out in Solem v.
Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011. (3) The application of the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals, in light of the Supreme Court's decision in Harmelin, to require a
threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F. 2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.- Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (4) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. Considering Appellant's
sentence in light of the holding in Rummel, the distinction between the two cases is clear. The
offense committed by Appellant - driving while intoxicated - is more serious than any of the offenses
committed by the appellant in Rummel, while Appellant's seven-year sentence is less severe than
the life sentence upheld by the Supreme Court. Thus, it follows that if the sentence in Rummel was
not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in
the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply
the remaining elements of the Solem test. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 JIM WORTHEN 

 Justice



Opinion delivered December 20, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)





1. See Tex. Pen. Code Ann. § 49.04 (Vernon Supp. 2003).
2. Since there are no distinctions between the state and federal protections against cruel and unusual
punishment, we address such claims together. See Simmons v. State, 944 S.W.2d 11, 14 (Tex. App.- Tyler 1996,
pet. ref'd).
3. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F. 2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.- Dallas 1994, pet. ref'd)).
4. Incidentally, the Fifth Circuit has referred to Rummell as a "handy guide" to assist in conducting a
proportionality review. See McGruder, 954 F. 2d at 317.