6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00044-CV


______________________________





EX PARTE: BECKY SHELTON








 


Original Habeas Corpus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Becky Shelton has filed a petition in which she asks this Court to issue a writ of habeas
corpus releasing her from confinement. She has now filed a motion asking this Court to withdraw
her petition. Her motion is granted. 

 The petition is dismissed.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 25, 2003

Date Decided: March 26, 2003



ompatibility>
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00235-CR

                                                ______________________________

 

 

                          REBECCA WORTHY CLEVELAND,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 349th
Judicial District Court

                                                           Houston County, Texas

                                                         Trial Court
No. 09CR-042

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Rebecca
Worthy Cleveland has appealed from her conviction on her open plea of guilty to
the offense of aggravated robbery.  See Tex.
Penal Code Ann. § 29.03 (Vernon 2003). 
The court sentenced Cleveland to fifty years imprisonment.  See
Tex. Penal Code Ann. § 12.32
(Vernon Supp. 2009).

            On
appeal,[1]
Cleveland contends, in a single point of error, that the punishment assessed is
disproportionate to her crime.  Clevelands
motion for new trial contains a contention that the sentence was
disproportionate to the offense.  A
motion for new trial is an appropriate way to preserve this type of claim for
review.[2]  See
Williamson v. State, 175 S.W.3d 522, 52324 (Tex. App.Texarkana 2005, no
pet.); Delacruz v. State, 167 S.W.3d
904 (Tex. App.Texarkana 2005, no pet.).

            Texas
courts have traditionally held that as long as the punishment assessed is
within the range prescribed by the Legislature in a valid statute, the
punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973).  Here, Clevelands
sentence falls within the applicable range of not more than ninety-nine years
or less than five years and a fine of up to $10,000.00.  See
Tex. Penal Code Ann. § 12.32.

            That
does not end the inquiry.  A prohibition
against grossly disproportionate punishment survives under the Eighth Amendment
to the United States Constitution apart from any consideration of whether the
punishment assessed is within the range established by the Legislature.  U.S.
Const. amend. VIII; see Solem v.
Helm, 463 U.S. 277, 290 (1983); Harmelin
v. Michigan, 501 U.S. 957 (1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846
(Tex. App.Texarkana 1999, no pet.); Lackey
v. State, 881 S.W.2d 418, 42021 (Tex. App.Dallas 1994, pet. refd); see also Ex parte Chavez, 213 S.W.3d
320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a very
limited, exceedingly rare, and somewhat amorphous review).

            Solem had suggested, as a three-part
test, that an appellate court consider: 
(1) the gravity of the offense compared with the harshness of the
penalty; (2) the sentences imposed for similar crimes in the same jurisdiction;
and (3) the sentences imposed for commission of the same crime in other
jurisdictions.  See Solem, 463 U.S. at 292.  Harmelin at least raised questions about
the viability of the Solem three-part
test.  In fact, it was subsequently held
that proportionality survived Harmelin,
but that the Solem three-part test
did not.  See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Lackey, 881 S.W.2d at 42021.  In light of Harmelin, the test has been reformulated as an initial threshold
comparison of the gravity of the offense with the severity of the sentence; and
then, only if that initial comparison created an inference that the sentence
was grossly disproportionate to the offense should there be a consideration of
the other two Solem factorssentences
for similar crimes in the same jurisdiction and sentences for the same crime in
other jurisdictions.  McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.Texarkana 2006, no pet.); Lackey,
881 S.W.2d at 42021.

            We
do not believe the sentence was grossly disproportionate to the gravity of the
offense, but even if it was, there is no evidence in the record from which we
could compare Clevelands sentence to the sentences imposed on other persons in
Texas or on persons in other jurisdictions who committed a similar
offense.  See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.Texarkana 2000,
pet. refd); Davis v. State, 905
S.W.3d 655, 66465 (Tex. App.Texarkana 1995, pet. refd).  Without such evidence, the record before us
does not support Clevelands claim of demonstrable error.  Cf.
Jackson, 989 S.W.2d at 846 ([T]here is no evidence in the record
reflecting sentences imposed for similar offenses on criminals in Texas or
other jurisdictions by which to make a comparison.).

            There
being no other issues before us, we affirm the trial courts judgment.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
4, 2010

Date Decided:             May
7, 2010

 

Do Not Publish











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Govt Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]The
trial court did not conduct a hearing on Clevelands motion for new trial,
which was overruled by operation of law. 
See Tex. R. App. P. 21.8.