NO. 12-02-00163-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LAMAR PATRICK WADE,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

MEMORANDUM OPINION


 Lamar Patrick Wade ("Appellant") appeals the twenty-five-year sentence imposed on him
following the revocation of his deferred adjudication probation. Appellant raises two issues on
appeal. We affirm.


Background

 Pursuant to a plea bargain with the State, Appellant pleaded guilty to two counts of
aggravated sexual assault and one count of indecency with a child. The court deferred finding
Appellant guilty and placed him on probation for ten years. The State filed a motion to revoke
Appellant's probation and to proceed to adjudication, alleging that Appellant had violated certain
terms of his probation. Appellant pleaded "true" to some of the State's allegations, but pleaded "not
true" to others. Subsequently, a hearing was held on the State's motion, and the trial court found that
Appellant had violated certain terms of his probation as alleged. The trial court revoked Appellant's
probation, proceeded to adjudicate Appellant guilty and assessed Appellant's punishment at
imprisonment for twenty-five years. This appeal followed.

Predetermination of Sentence

 In his first issue, Appellant argues that the trial court improperly predetermined his sentence
by failing to consider certain mitigating evidence in its assessment of Appellant's punishment. (1) 
Noting that the sentence pronounced by the trial court was only five years removed from the bar
established by the sentence urged by the prosecuting attorney, Appellant contends that the trial court 
merely allowed Appellant "the fiction of a hearing" before announcing its twenty-five-year sentence. 
Yet, Appellant de-emphasizes the fact that the trial court could have sentenced him to ninety-nine
years for a single count of aggravated sexual assault. See Tex. Pen. Code Ann. § 22.021(a)(2)(B)
(e) (Vernon 2003); Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003); cf. Davis v. State, 905 S.W.2d
655, 664 (Tex. App.-Texarkana 1995, pet. ref'd.). Appellant's twenty-five-year sentence is only a
fraction of the sentence the trial court could have imposed. As our review of the record reveals no
evidence indicating that the trial court failed to consider any mitigating evidence or otherwise
predetermined Appellant's sentence, we hold that the trial court did commit the error of which
Appellant complains. Appellant's first issue is overruled. 


Cruel and Unusual Punishment

 In his second issue, Appellant contends that the sentence imposed by the trial court 
constituted cruel and unusual punishment under both the Texas and United States Constitutions. The
legislature is vested with the power to define crimes and prescribe penalties. See Davis, 905 S.W.2d
at 664; see also Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts
have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not
excessive, cruel, or unusual. See Harris, 656 S.W.2d at 486; Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty
to aggravated sexual assault, a first degree felony. See Tex. Pen. Code § 22.021(e). (2) The
punishment range for such an offense is between five and ninety-nine years. See Tex. Pen. Code
Ann. § 12.32(a) (Vernon 1994). Here, the punishment assessed by the trial court falls well within
the range set forth by the legislature. Id. Therefore, the punishment is not prohibited as cruel,
unusual or excessive per se.

 Nonetheless, Appellant urges the Court to perform the three-part test set out in Solem v.
Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011. (3) The application of the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals in light of the Supreme Court's decision in Harmelin to require a threshold
determination that the sentence is grossly disproportionate to the crime before addressing the
remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989 S.W.2d
842, 845-46 (Tex. App.-Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (4) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions, one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services, and the other for passing a forged check
in the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. Considering Appellant's
sentence in light of the holding in Rummel, the distinction between the two cases is clear. The
offense committed by Appellant, aggravated sexual assault, was more severe than the offense
committed by the appellant in Rummel, while Appellant's twenty-five-year sentence is less severe
than the life sentence upheld by the Supreme Court. Thus, it follows that if the sentence in Rummel
was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant
in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not
apply the remaining elements of the Solem test. Appellant's second issue is overruled.


Conclusion

 Having overruled Appellant's issues one and two, we affirm the trial court's judgment and
sentence imposed thereby.



 DIANE DEVASTO 

 Justice



Opinion delivered July 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.









(DO NOT PUBLISH)
1. Although a trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and
is not reviewable, after an adjudication of guilt, all proceedings, including assessment of punishment ... and
defendant's appeal continue as if the adjudication of guilt had not been deferred. Tex. Code. Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2003). Thus, we may review issues concerning Appellant's sentence.
2. As set forth above, Appellant pleaded guilty to two counts of aggravated sexual assault and one count of
indecency with a child. 
3. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.-Dallas 1994, pet. ref'd.)).
4. Incidentally, the Fifth Circuit has referred to Rummel as a "handy guide" to assist in conducting a
proportionality review. See McGruder, 954 F.2d at 317.