NO. 12-03-00002-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


ALBERT ORTEGA,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

MEMORANDUM OPINION


 Albert Ortega ("Appellant") appeals his conviction for aggravated sexual assault, for which
he was sentenced to imprisonment for twenty-five years. Appellant raises one issue on appeal. We
affirm.


Background

 Appellant was charged with aggravated sexual assault. (1) Appellant pleaded guilty to the
charges in the indictment and waived his right to appeal. The case proceeded to the punishment
phase. Following witness testimony and the argument of counsel, the trial court sentenced Appellant
to imprisonment for twenty-five years. Appellant filed this appeal without receiving permission
from the trial court to do so.


Waiver of Right To Appeal

 Appellant waived his right to appeal in writing. There is no indication in the record that
Appellant requested or that the trial court granted Appellant permission to appeal. As such, we are
without jurisdiction to consider Appellant's appeal. See Monreal v. State, 99 S.W.3d 615, 622 (Tex.
Crim. App. 2003).


Cruel and Unusual Punishment

 Even if we did have jurisdiction to consider this appeal, the matter would not be resolved in
Appellant's favor. In his sole issue, Appellant contends that the sentence imposed on him
constituted cruel and unusual punishment under both the Texas and United States Constitutions. 
Initially, we note that Appellant made no objection to the trial court raising the issue of cruel and
unusual punishment and has, therefore, waived such an issue with respect to any alleged violation
of his rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant's
sentence did not constitute cruel and unusual punishment. 

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty
to aggravated sexual assault, a first degree felony. See Tex. Pen. Code Ann. § 22.021. The
punishment range for such an offense is between five and ninety-nine years. Id.; see also Tex. Pen.
Code Ann. § 12.32(a) (Vernon 2003). Here, the punishment assessed by the trial court falls well
within the range set forth by the legislature. Id. Therefore, the punishment is not prohibited as cruel,
unusual or excessive per se.

 Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011. (2) The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court's decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.-Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (3) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 

 In the case at hand, the offense committed by Appellant - aggravated sexual assault - was far
more serious than the offenses committed by the appellant in Rummel, while Appellant's twenty-five year sentence is far less severe than the life sentence upheld by the Supreme Court in Rummel. 
Thus, it follows that if the sentence in Rummel was not unconstitutionally disproportionate, then
neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not
find the threshold test to be satisfied, we need not apply the remaining elements of the Solem test. 

 But even assuming that the Solem test is still viable, or that the threshold test was satisfied,
the remaining elements of Solem cannot be satisfied. Appellant has put forth no cogent argument,
nor is there any evidence in the appellate record reflecting the sentences imposed on criminals in
Texas or other jurisdictions who committed a similar offense; therefore, we may not engage in a
comparative evaluation. See Simmons, 944 S.W.2d at 15. Appellant's sole issue is overruled.


Conclusion

 Since Appellant waived his right to appeal, we dismiss this cause for want of jurisdiction.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered July 31, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(DO NOT PUBLISH)





1. See Tex. Pen. Code. Ann. § 22.021 (Vernon 2003).
2. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th 

Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.-Dallas 1994, pet. ref'd)).
3. Incidentally, the Fifth Circuit has referred to Rummel as a "handy guide" to assist in conducting a
proportionality review. See McGruder, 954 F.2d at 317.