NO.
12-06-00227-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

ALLEN DWIGHT SHEPPARD,      §          APPEAL
FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Allen Dwight
Sheppard appeals his sentence following the revocation of his deferred
adjudication community supervision.  In
one issue, Appellant argues that his sentence amounted to cruel and unusual
punishment.  We affirm.

Background

            Appellant
was charged by indictment with burglary of a habitation with intent to commit
aggravated assault and pleaded “guilty.” 
The trial court deferred finding Appellant guilty and placed him on
deferred adjudication community supervision for ten years.

            On
January 18, 2006, the State filed an amended motion to revoke Appellant’s
community supervision and to proceed to final adjudication alleging that
Appellant had violated certain terms of his community supervision.  On May 23, 2006, the trial court conducted a
hearing on the State’s motion.  At the
hearing, Appellant admitted that he was the same person placed on deferred
adjudication community supervision, that he failed to report as ordered, and
that he failed to pay his supervision fees. 









            Ultimately,
the trial court found that Appellant had violated the terms of his community
supervision as alleged in the State’s motion. 
Thereafter, the trial court revoked Appellant’s community supervision,
adjudicated Appellant guilty of burglary of a habitation with intent to commit
aggravated assault, and sentenced Appellant to imprisonment for fifty
years.  This appeal followed.

Cruel and
Unusual Punishment

            In
his sole issue, Appellant argues that the fifty year sentence imposed by the
trial court amounts to cruel and unusual punishment.[1]  Initially, we note that Appellant made no
objection to the trial court raising the issue of cruel and unusual punishment
and has, therefore, waived such an issue on appeal.  See Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the
Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (waiver with regard to rights under the United States
Constitution); see also Tex. R.
App. P. 33.1.  However, even absent
waiver, we conclude that Appellant’s sentence did not constitute cruel and
unusual punishment.  

            The
legislature is vested with the power to define crimes and prescribe
penalties.  See Davis v. State,
905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d).  Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664.  In the case at hand,
Appellant was convicted of burglary of a habitation with intent to commit
aggravated assault.  See Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2003).  The punishment range for
such an offense is between five and ninety-nine years or life.  See id. §§ 12.32(a);
30.02(d).  Here, the sentence imposed by
the trial court falls within the range set forth by the legislature.  Id. 
Therefore, the punishment is not prohibited as cruel, unusual,
or excessive per se.

            Nonetheless,
Appellant urges the court to perform the three part test originally set forth
in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637
(1983).  Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.[2]  The
application of the Solem test has been modified by Texas courts
and the Fifth Circuit Court of Appeals in light of the Supreme Court’s decision
in Harmelin to require a threshold determination that the
sentence is grossly disproportionate to the crime before addressing the
remaining elements.  See, e.g., McGruder,
954 F.2d at 316; see also Jackson v. State, 989 S.W.2d 842, 845–46
(Tex. App.–Texarkana 1999, no pet.).

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).[3] 
In Rummel, the Supreme Court addressed the proportionality
claim of an appellant who had received a mandatory life sentence under a prior
version of the Texas habitual offender statute for a conviction of obtaining
$120.75 by false pretenses.  Id.,
445 U.S. at 266, 100 S. Ct. at 1135.  The
life sentence was imposed because the appellant also had two prior felony
convictions—one for fraudulent use of a credit card to obtain $80.00 worth of
goods or services and the other for passing a forged check in the amount of
$28.36.  Id., 445 U.S. at
266, 100 S. Ct. at 1134-35.  After
recognizing the legislative prerogative to classify offenses as felonies and,
further, considering the purpose of the habitual offender statute, the court
determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment.  Id.,
445 U.S. at 285, 100 S. Ct. at 1145.  

            In
the case at hand, the offense committed by Appellant—burglary of a habitation
with intent to commit aggravated assault—was far more serious than any of the
offenses committed by the appellant in Rummel, while Appellant’s
fifty year sentence is considerably less severe than the life sentence upheld
by the Supreme Court in Rummel. 
Thus, it follows that if the sentence in Rummel was not
unconstitutionally disproportionate, then neither is the sentence assessed
against Appellant in the case at hand. 
Therefore, since we do not find the threshold test to be satisfied, we
need not apply the remaining elements of the Solem test.  Appellant’s sole issue is overruled.

 

Disposition

Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered May 2, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Although a trial court’s decision to proceed
with an adjudication of guilt is one of absolute discretion and is not
reviewable, after an adjudication of guilt, all proceedings, including
assessment of punishment and defendant’s appeal continue as if the adjudication
of guilt had not been deferred.  Tex. Code. Crim. Proc. Ann. art. 42.12 §
5(b).  Thus, we may review the issue of
cruel and unusual punishment as it pertains to matters subsequent to the trial
court’s decision to proceed with adjudication.





[2] The strict application of the Solem
test has been questioned since the Supreme Court rendered its opinion in Harmelin
v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836
(1991).  See Simmons, 944
S.W.2d at 15.  The Texarkana Court of
Appeals discussed the applicability of Solem in Davis
v. State and observed that five members of the Supreme Court in Harmelin
rejected the application of the three factor test.  See Simmons, 944 S.W.2d at 15
(citing Davis, 905 S.W.2d at 664).  However, the court in Davis
nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported
an Eighth Amendment prohibition against grossly disproportionate
sentences.  See Davis, 905
S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98
(1992) and Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.–Dallas
1994, pet. ref’d)).





[3]
Incidentally, the Fifth Circuit has referred to Rummel as a “handy
guide” in conducting a proportionality review. 
See McGruder, 954 F.2d at 317.