NOS.
12-06-00191-CR

         
12-06-00198-CR

         
12-06-00199-CR

         
12-06-00200-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DUSTIN UMPHRESS,         §                      APPEALS FROM THE 241ST 

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Dustin Umphress appeals four
convictions, for which he was sentenced to consecutive terms of
imprisonment.  In one issue, Appellant
argues that his consecutive sentences amount to cruel and unusual
punishment.  We affirm.

                                                                                                

Background

            Appellant
was charged by separate indictments with evading arrest, two counts of
unauthorized use of a motor vehicle, and credit and debit card abuse.  Each indictment contained two enhancement
paragraphs alleging previous convictions for possession of less than one gram
of a controlled substance.  Appellant
pleaded “guilty” as charged to each offense and pleaded “true” to each
enhancement paragraph.

            Thereafter,
a trial on punishment was conducted. 
Ultimately, the trial court sentenced Appellant to imprisonment for ten
years for each offense.  The trial court
further ordered that Appellant’s sentences run consecutively.  This appeal followed.

 

Cruel and
Unusual Punishment

            In
his sole issue, Appellant contends that the sentences imposed on him as well as
the trial court’s order cumulating his sentences constituted cruel and unusual
punishment under both the Texas and United States constitutions.  Initially, we note that Appellant
affirmatively stated with regard to each sentence that he knew of no legal
reason why such sentence, the latter three of which were ordered to run
consecutively, should not be imposed. 
Appellant has, therefore, waived the issue of cruel and unusual
punishment on appeal.  See Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with
regard to rights under the Texas Constitution); Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under
the United States Constitution); Tex. R.
App. P. 33.1.  However, even had
Appellant not waived his sole issue, the outcome would not differ. 

            The
legislature is vested with the power to define crimes and prescribe
penalties.  See Davis v. State,
905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d).  Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664.  In the case at hand,
Appellant was convicted of evading arrest, two counts of unauthorized use of a
motor vehicle, and credit and debit card abuse. 
See Tex. Penal Code Ann.
§§ 31.07, 32.31 (b), (d), 38.04 (Vernon 2003 & Supp. 2006).  The punishment range for any of these state
jail felonies under the habitual offender provision of the penal code is
imprisonment for between two and ten years. 
See Tex. Penal Code Ann. §§
12.33(a), 12.42(a)(1) (Vernon 2003 & Supp. 2006).  Here, the punishment assessed by the trial
court falls within the range set forth by the legislature.  Id. 
Therefore, the punishment assessed is not prohibited as cruel,
unusual, or excessive per se.

            Nonetheless,
Appellant urges the court to perform the three part test originally set forth
in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637
(1983).  Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.[1]  The
application of the Solem test has been modified by Texas courts
and the Fifth Circuit Court of Appeals in light of the Supreme Court’s decision
in Harmelin to require a threshold determination that the
sentence is grossly disproportionate to the crime before addressing the
remaining elements.  See, e.g., McGruder,
954 F.2d at 316; see also Jackson v. State, 989 S.W.2d 842, 845–46
(Tex. App.–Texarkana 1999, no pet.).

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).[2] 
In Rummel, the Supreme Court addressed the proportionality
claim of an appellant who had received a mandatory life sentence under a prior
version of the Texas habitual offender statute for a conviction of obtaining
$120.75 by false pretenses.  Id.,
445 U.S. at 266, 100 S. Ct. at 1135.  The
life sentence was imposed because the appellant also had two prior felony convictions—one
for fraudulent use of a credit card to obtain $80.00 worth of goods or services
and the other for passing a forged check in the amount of $28.36.  Id., 445 U.S. at 266, 100 S. Ct. at
1134-35.  After recognizing the
legislative prerogative to classify offenses as felonies and, further,
considering the purpose of the habitual offender statute, the court determined
that the appellant’s mandatory life sentence did not constitute cruel and
unusual punishment.  Id.,
445 U.S. at 285, 100 S. Ct. at 1145.  

            In
the case at hand, none of the offenses committed by Appellant was any less
serious than any of the offenses committed by the appellant in Rummel.  Furthermore, the aggregate of Appellant’s
sentences is far less severe than the life sentence upheld by the Supreme Court
in Rummel.  Thus, it
follows that if the sentence in Rummel was not unconstitutionally
disproportionate, then neither are the sentences assessed against Appellant in
the case at hand, even when considered in aggregate.  Therefore, since we do not find the threshold
test to be satisfied, we need not apply the remaining elements of the Solem
test.  Appellant’s sole issue is
overruled.

 

Disposition

Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered July 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The strict application of the Solem
test has been questioned since the Supreme Court rendered its opinion in Harmelin
v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836
(1991).  See Simmons, 944
S.W.2d at 15.  The Texarkana Court of
Appeals discussed the applicability of Solem in Davis
v. State and observed that five members of the Supreme Court in Harmelin
rejected the application of the three factor test.  See Simmons, 944 S.W.2d at 15
(citing Davis, 905 S.W.2d at 664).  However, the court in Davis
nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still
supported an Eighth Amendment prohibition against grossly disproportionate
sentences.  See Davis, 905
S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98
(1992) and Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.–Dallas
1994, pet. ref’d)).





[2]
Incidentally, the Fifth Circuit has referred to Rummel as a “handy
guide” in conducting a proportionality review. 
See McGruder 954 F.2d at 317.