**AFFIRM; Opinion Filed June 25, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00924-CR**

_____

**ROGELIO ROGER SOTO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-35886-T**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Rogelio Roger Soto appeals from the trial court's revocation of his community supervision and adjudication of his guilt for aggravated assault with a deadly weapon enhanced by a prior conviction. The court sentenced appellant to thirty years' imprisonment. The court made affirmative findings that the offense involved a deadly weapon and family violence. Appellant brings three issues on appeal contending (a) the evidence was insufficient to support revocation of his community supervision and (b) the sentence was disproportionate to the offense and the alleged violation of the community supervision terms. We affirm the trial court's judgment.

## BACKGROUND

Appellant pleaded guilty to the charge of aggravated assault with a deadly weapon, and he pleaded true to the allegation of having previously been convicted of a felony, burglary of a

habitation. The court found the evidence sufficient to support appellant's pleas. The court deferred adjudicating appellant guilty, assessed a $2500 fine, and placed appellant on community supervision for five years. One of the conditions of community supervision was that appellant

> participate for an indeterminate term of confinement and treatment . . . in the Substance Abuse Punishment Facility Program . . . and shall comply with all rules and regulations, attending all sessions and continuing in the program until successfully released from the Program or until the Court releases the defendant from the Program.

Appellant was discharged from the program. The State moved to revoke appellant's community supervision, alleging appellant failed to participate in the Substance Abuse Felony Punishment Facility (SAFPF) program in that he was "behaviorally discharged" from the program.[1] After a hearing, the trial court granted the State's motion to revoke community supervision, adjudicated appellant guilty of aggravated assault, and sentenced appellant to thirty years' imprisonment.

## REVOCATION OF COMMUNITY SUPERVISION

In his first issue, appellant contends the trial court erred by granting the State's motion to revoke appellant's community supervision. Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant had violated a condition of community supervision. *Id.* at 763–64.

At the hearing on the motion to revoke appellant's community supervision, the State presented the testimony of Gloria Stringer, a senior counselor and overseer of substance-abuse counseling at the Johnston Unit where appellant had been confined. Stringer was the supervisor

---

[1] The motion to revoke alleged appellant violated condition "(v)" of the conditions of community supervision However, it appears the State's allegation concerned condition (u), which required appellant to participate in the SAFPF program. Condition (v) required appellant to participate in a "drug./alcohol continuum of care treatment plan . . . for defendant's [sic] who are released from the [SAFPF] Program." No one at trial or on appeal objected to the mislabeling of the alleged violation, and we do not address it.

of appellant's counselor and was involved in the meetings concerning appellant. Stringer testified that the decision to terminate appellant from SAFPF followed a series of behavior problems by appellant.

Stringer testified that appellant was transferred to the Johnston Unit in mid-October 2011. When appellant entered the facility, he received a list of rules. Appellant violated these rules by possessing pornography he brought with him into the facility, using the shower after hours, masturbating in the shower, attempting to start a relationship with a correctional officer by telling her he loved her, using profanity, and trafficking and trading with commissary items. Stringer testified this behavior showed a pattern of premeditated disregard for the rules. In December, the treatment team met with appellant to reinforce the rules and regulations of the program, and appellant made a commitment to follow the rules. In late January 2012, the treatment team determined that appellant had met the minimum requirements for the SAFPF program and decided to release appellant in February with a "minimal completion status, highly-guarded prognosis." However, in the first week of February, before he was released from the program, appellant was caught giving items to other inmates to perform his assigned chores, and the treatment team changed the status of appellant's discharge to behavioral discharge.

Appellant argues the evidence was insufficient to show he violated the terms of his community supervision because Stringer testified he successfully completed the SAFPF program as required by the condition of community supervision. We disagree. The condition required appellant to "comply with all rules and regulations, attending all sessions and continuing in the program until successfully released from the Program." In late January, when the treatment team decided to discharge appellant with the minimal-completion status, appellant had not been "successfully released from the Program." Stringer's testimony shows that due to appellant's

misconduct in February, appellant was not "successfully released from the Program" as required by the condition of community supervision but received a behavioral discharge.

We conclude the trial court did not abuse its discretion by determining appellant violated a term of community supervision and by revoking appellant's community supervision. We overrule appellant's first issue.

## MOTION FOR NEW TRIAL

In his second and third issues, appellant contends the trial court erred by denying his motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* We view the evidence presented at a motion for new trial hearing in the light most favorable to the trial court's ruling, and we presume all reasonable factual findings that could have been made in support of the trial court's ruling. *Id.* "[A] trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.*

In his second issue, appellant contends the trial court erred by overruling appellant's motion for new trial because the "evidence was insufficient to support the trial court's verdict." As explained above, the evidence was sufficient to support revocation of appellant's community supervision. We conclude the trial court did not abuse its discretion by denying appellant's motion for new trial on this ground. We overrule appellant's second issue.

In his third issue, appellant contends "the sentence assessed was disproportionate to the offense and violation of probation alleged to revoke probation." The Eighth Amendment of the United States Constitution requires a criminal sentence be proportionate to the crime committed. *Lackey v. State*, 881 S.W.2d 418, 420 (Tex. App.—Dallas 1994, pet. ref'd). As a general rule,

punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (as long as sentence is within the proper range of punishment, it will not be disturbed on appeal). Appellant was convicted of aggravated assault, a second degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b) (West 2011). Because appellant had a prior felony conviction, his punishment was enhanced to that of a first degree felony. *See id.* § 12.42(b) (West Supp. 2012). The range of punishment for a first degree felony is five to ninety-nine years' or life imprisonment, and the court may impose a fine not to exceed $10,000. *Id.* § 12.32 (West 2011). Appellant's punishment of thirty-years' imprisonment and no fine is well within this range of punishment.

Appellant's offense was aggravated assault by stabbing the complainant with a knife. This is a crime of violence. *See Ortega v. State*, 792 S.W.2d 145, 148–49 (Tex. App.—Amarillo 1990, pet. ref'd). Additionally, appellant had a prior felony conviction for burglary of a habitation. States with a recidivist statute, such as section 12.42 of the Texas Penal Code, are entitled to impose sentences against repeat offenders sufficient to deter other potential repeat offenders and "to segregate that person from the rest of society for an extended period of time." *Lackey*, 881 S.W.2d at 421 (quoting *Rummell v. Estelle*, 445 U.S. 263, 284 (1980)). "[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Id.* (quoting *Rummel*, 445 U.S. at 285).

Appellant presented no evidence or argument to the trial court demonstrating his sentence is disproportionate. The sentence is well within the range of punishment for the offense enhanced by a prior felony conviction. We conclude the trial court did not abuse its discretion by denying appellant's motion for new trial on this ground. We overrule appellant's third issue.

**CONCLUSION**

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120924F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROGELIO ROGER SOTO, Appellant

No. 05-12-00924-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-35886-T.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 25th day of June, 2013.


/Lana Myers/
LANA MYERS
JUSTICE