COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| STANLEY DEON SPENCER, | | No. 08-12-00329-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 195th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-1250832-N) |
| | § | |

## **O P I N I O N**

In two points of error Stanley Deon Spencer challenges the sentence he received following his trial and conviction for possession with intent to deliver cocaine. For the reasons that follows, we affirm.

### **FACTUAL SUMMARY**

Appellant was indicted for the second degree felony offense of possession with intent to deliver more than one gram and less than four grams of cocaine, a violation of TEX.HEALTH & SAFETY CODE ANN. §§ 481.112(a), (c)(West 2010). The indictment included one enhancement paragraph based upon a prior felony conviction. Before trial, the State also filed notice of its intent to use an additional prior felony conviction to further enhance the punishment range to 25 to 99 years or life imprisonment. *See* TEX.PENAL CODE ANN. § 12.42(d)(West Supp. 2013). Additionally, the State filed notice of intent to seek a finding that the offense was committed in a

drug-free zone, increasing the minimum confinement by five years. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.134(c)(West Supp. 2013).

Appellant entered a plea of not guilty and a jury trial was held. The jury found him guilty and also found that the offense was committed in a drug-free zone. During the punishment phase, Appellant entered pleas of not true to the enhancement allegations. The jury found the enhancement allegations true and assessed punishment at life confinement in the Texas Department of Criminal Justice.

## THE ARREST

Dallas Police Officers Chris Nilsen and Marshall Milligan were together on patrol around 9:00 p.m. on January 4, 2012, when they noticed Appellant riding a bicycle in the street without a helmet or an illuminated headlight which, respectively, are violations of the Dallas City Code and the Texas Traffic Code. When the Officers instructed him to stop, he turned, looked at them, yelled "hey, hey, hey," and stood up on the pedals and began pedaling more quickly. Officer Milligan observed Appellant motion with his left hand. Officer Nilsen, who was driving, was able to block Appellant with the patrol car, and Officer Milligan opened the passenger-side door and knocked Appellant to the ground. Appellant refused to show the officers his hands and made furtive gestures towards his waist. He and the officers struggled for approximately fifteen seconds before the officers managed to handcuff him.

Officer Jeffery Grandy was in a separate patrol vehicle directly behind Nilsen and Milligan when he saw Appellant throw a "small package or bag right onto the street." Grandy stopped and recovered a plastic baggie containing fifteen off-white "rocks" that appeared to be crack cocaine. All tested positively for cocaine. During trial, the prosecution relied on the testimony of the officers and on a map created by Dallas County Public Works to establish that

2

the area where these events took place was within a drug-free zone. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.134(c).

## ENHANCEMENTS AND PRIOR CONVICTIONS

During the punishment phase, the State introduced evidence of Appellant's prior felony convictions, including those alleged in the enhancement. Deputy Margaret Brown, a fingerprint expert with the Dallas County Sheriff's Department, testified that Appellant's fingerprints matched those of the individual convicted and fingerprinted in the certified judgments and convictions in six earlier cases. Specifically, the evidence revealed that Appellant had been convicted for unlawful possession of cocaine in 2010, and possession with intent to deliver cocaine in 2003. In each of those cases, he was sentenced to five years in prison. In 1990, Appellant was placed on deferred adjudication for unauthorized use of a vehicle, violated the conditions of the deferment and was sentenced to a boot-camp program and ten years of probation. His probation for that offense was revoked in 1991 and he was sentenced to six years in prison. In 1992, he was convicted of burglarizing a vehicle and received a five-year sentence. Appellant was also convicted in 2000 of two misdemeanors: possession of marijuana and family-violence assault. That same year, he was arrested for selling cocaine and found to be in possession of a handgun. This arrest resulted in his 2003 conviction for possession with intent to deliver cocaine (which was used in the enhancement in the instant case), as well as another separate felony conviction for unlawful possession of a firearm by a felon.

## ANALYSIS

Appellant contends that his sentence is grossly disproportionate to the offense such that the sentence is unconstitutional under the Eighth Amendment of the U.S. Constitution and Article I, Section 13 of the Texas Constitution. A criminal sentence must be proportionate to the

crime for which a defendant has been convicted. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 2001, 77 L.Ed.2d 627 (1983); *Lackey v. State*, 881 S.W.2d 418, 421 (Tex.App.--Dallas 1994, pet. ref'd).[1] *See also Baldridge v. State*, 77 S.W.3d 890, 893 (Tex.App.--Houston [14th Dist.] 2002, pet. ref'd)(stating that Eighth Amendment has narrow proportionality principle); and *Charcas v. State*, No. 08–07–00034–CR, 2009 WL 132142, at *2 (Tex.App.--El Paso Jan. 15, 2009, no pet.)(not designated for publication)(same). For Appellant's complaints to be preserved for review, the record must demonstrate that he presented them to the trial court through a timely motion or objection. TEX.R.APP.P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996) (noting that defendant waived any error because he presented his argument for first time on appeal); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd)(holding a failure to raise cruel and unusual punishment objection to life imprisonment sentence at trial court level waived the argument on appeal); and *Cotton v. State*, Nos. 05-12-01724-CR, 05-12-01731-CR, 05-12-01732-CR, 2014 WL 428699, at *2-3 (Tex.App.--Dallas, Feb. 3, 2014, no pet.)(mem. op., not designated for publication)(holding same as to waiver where appellant raised disproportionality issue under both the U.S. and Texas Constitutions).

---

[1] The Texas Supreme Court transferred this appeal from the Fifth Court of Appeals to this court pursuant to a docket equalization order. We will decide the case in accordance with the precedent of the transferor court. *See* TEX.R.APP.P. 41.3. The Fifth Court follows the federal Fifth Circuit Court of Appeals in holding that disproportionality under the Eighth Amendment survives the U.S. Supreme Court's ruling in *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), wherein Justice Scalia wrote, in a plurality opinion: "*Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee." *Lackey*, 881 S.W.2d at 42 (*discussing and agreeing with McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992). In interpreting *Harmelin*, the Fifth Circuit concluded: "By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guaranty against disproportional sentences. . . . Thus, this much is clear: disproportionality survives [although] *Solem* does not." *McGruder*, 954 F.2d at 316.

Following the trial court's pronouncement of sentencing, Appellant lodged no objection regarding proportionality, the Eighth Amendment, or Article I, Section 13. Likewise, he did not assert them in his motion for new trial. Under these circumstances, we conclude he has not preserved these issues for our review.

Moreover, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual and complies with the objectives of the Penal Code. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); and *Cotton*, 2014 WL 428699, at *2-3. Appellant was convicted of possession with intent to deliver one gram or more but less than four grams of cocaine, a second-degree felony offense, which was enhanced by two previous felony convictions, making the applicable punishment range 25 years to 99 years or life. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 481.112(a), (c); and TEX.PENAL CODE ANN. § 12.42(d). The life sentence assessed in this case was thus within the applicable statutory range of punishment. A punishment falling within the limits prescribed by a valid statute is not *per se* excessive, cruel, or unusual. *Jackson*, 680 S.W.2d at 814; *Trevino v. State*, 174 S.W.3d 925, 928 (Tex.App.--Corpus Christi 2005, pet. ref'd). Accordingly, we cannot conclude the trial court abused its discretion. *See id*. We overrule Issues One and Two and affirm the judgment of the trial court.

August 6, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)